Nott, J.,
delivered the opinion of the court.
This case which has been twice before the court and has been argued with earnestness and ability, is that of a circuit court commissioner to recover fees for administering and certifying the oath of one thousand four hundred and fifty-two supervisors of elcetion in the city of Philadelphia. The fees claimed are 25 cents for each affidavit, and the amount sought to be recovered is $363.
These oaths were not oaths of office. They were required by an order of the Attorney-General, bearing date October 15, 1886, directed to the United States marshal for the eastern district of Pennsylvania, prescribing his duties and the vouchers *29 upon which the supervisors should be paid,who, under Revised Statutes § 2011-2012, were to serve at the approaching election of 18SG. It is in these words:
“ Before payment each * * * supervisor will present to you his commission, oaih, and badge of office, with an affidavit that he is the person to-whom the commission was issued; that he performed the days’ service as charged, which will be annexed by you to the pay-roll as vouchers for its adjustment.” * * *
This requirement of an affidavit from the person to be paid, it is understood by the court, was not imposed by statute, and was simply a precaution of the Attorney-General, looking to the authenticity and verification of the marshal’s payments and accounts. It is apparent, also, that it was done for the safety and protection of the Government, and not for the benefit or behoof of the official to whom the Government owed compensation.
The order of the Attorney-General required affidavits, but did not designate the officer or class of officers before whom they should be made. In the absence of such a designation all that was necessary was that they be made before an officer authorized to administer oaths. The 1453 affidavits might have been made before Federal judges, State judges, notaries, justices of the peace, clerks of the courts, or aldermen of the city of Philadelphia. They might also have been made before 1453 different officials authorized to administer oaths. The claimant’s right to recover, therefore, does not rest upon his official relations with the Government, nor upon the fact that all, or substantially all, of the supervisors made oath before him. A justice of the peace, commissioner of deeds, or notary public, administering an oath to a single supervisor, would have just as strong a case as the claimant.
In the opinion of the court the case does not turn upon the fact that the affidavits were made at the instance of the Attorney-General and for the use of the Government, but upon the point of privity of contract. It is certain that the Gov-,eminent did not employ the commissioner to do this work, and that the supervisors of election did. It was no concern of his for what purpose the affidavits were made. If any one was injured, in contemplation of law, it was the supervisors, who had to pay for the affidavits, and they only can complain of the requirement.
A man agrees to sell and another to buy realty, and in small *30 transactions there is often a dispute as to who ought to pay for the deed, but the conveyancer who drafts it and the notary before whom it is acknowledged look to the man who employed them for their fees. It is possible that these fourteen hundred and fifty-three affidavits were drawn by one lawyer and printed by one printer, and, if so, does not that lawyer or that printer have just as strong a case against the Government as this commissioner? In a word, if the law of privity of contract were to be disregarded, the most prudent person in the world would never know where his liabilities begin or end. A man is entitled to know with whom he deals, and the Government can not have a responsibility thrust upon it where its agents never intended to contract.
The order of the court is, that the motion of the claimant for a new trial be overruled.