Peelle, «T.,
delivered the opinion of the court:
This case embraces sundry items of account, amounting in the aggregate to $546.65, charged by the plaintiff for services rendered by him as a circuit court commissioner for the northern district of Illinois from October 1,1888, to December 31, 1890, all of which items of account were submitted to the district attorney and approved by the court as provided by law. The only item in dispute is No. 9, as it appears in the findings, viz:
“ (9) For administering oaths of office to 3,673 special deputy marshals appointed at the Congressional elections of 1888 and 1890, at 10 cents each, $367.30.”
The contention of the defendant is that that item should be rejected and disallowed for the reasons stated in the case of Bell v. The United States (25 C. Cls. R., 26). That was an action to recover for administering and certifying, as a circuit court commissioner, the oath of sundry supervisors of election who, before receiving payment for their services, were required, by an order of the Attorney-General, to present, among other things, their respective affidavits showing that they were the *291 persons to whom tbe commissions bad issued and that they bad performed tbe services claimed for, etc. It will be observed tliat tbe oatbs administered in tbat case were not oatbs of office, nor were they imposed by statute, but were oatbs required by tbe Attorney-General, evidently for tbe better protection of tbe Government in tbe settlement of accounts, and might have been administered by any officer authorized to administer oatbs, but, as was said in tbat case by tbe court:
‘‘The case does not turn upon tbe fact tbat tbe affidavits were made at tbe instance of the Attorney-General and for tbe use of tbe Government, but upon tbe point of privity of contract. It is certain tbat tbe Government did not employ tbe commissioners to do this, work, and tbat tbe supervisors of election did. It was no concern of bis for what purpose affidavits were made. If anyone was injured in contemplation of law it was tbe supervisors, who bad to pay for tbe affidavits, and they only can complain of the requirement.”
In tbe case at bar tbe special deputy marshals were appointed pursuant to section 2021, Revised Statutes, and under section 1757, Revised Statutes, were required to take tbe oath of office before entering upon tbe discharge of their duties, and there is no question but tbat it was competent for tbe commissioner to administer tbe oath. Section 2027, Revised Statutes, reads as follows:
“All United States marshals and commissioners who, in any judicial district, perform any duties under tbe preceding provisions relating to, concerning, or affecting tbe election of Representatives or Delegates in tbe Congress of tbe United States, from time to time, and, with all due diligence, shall forward to tbe chief supervisor in their judicial district all complaints, examinations, and records pertaining thereto, and all oatbs of office by them administered to any supervisor of election or special deputy marshal, in order tbat the same may be properly preserved and filed.”
Tbe requirements of tbat section are tbat marshals and com-misioners who “preform any duties,” etc., shall, with all due diligence, forward to tbe chief supervisor, among other things, “all oatbs of office by them administered to any supervisor of elections or special deputy marshal, in order tbat the same may be properly preserved and filed.”
This is a wise precaution to protect tbe Government against fraud, and, at tbe same time, furnish some means of identification as to tbe persons employed by tbe Government for such temporary service.
*292 It will be observed that none bnt United States marshals and commissioners are required by the section quoted to forward the oaths of office administered by them to the chief supervisor. It is clear that the requirements of that section of the statute could not apply to any bnt a Federal officer; so that, if the oaths of office had been administered to such special deputy marshals by a justice of the peace or any State officer, he could not be required by the statute to transmitió the chief supervisor of elections the oaths administered by him as provided should be done if administered by a circuit court commissioner. For these reasons, considering the purpose of the act of which the section quoted is a part, the court is of the opinion that there is an implied obligation upon the part of the Government to pay the plaintiff for the services rendered.
The judgment of the court is that the plaintiff recover the said sum of $546.65.